United States District Court
Southern District of Texas
**ENTERED**
July 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI HOLDINGS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-0960 |
| | § | |
| MORTGAGEIT, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, DHI Holdings, moved to remand this mortgage-foreclosure suit to state court, arguing that this court lacks subject-matter jurisdiction. (Docket Entry No. 12). The defendants responded. (Docket Entries No. 13, 14). Defendant Specialized Loan Servicing did not formally move for sanctions, but characterizes the remand motion as brought in bad faith and frivolous, and seeks attorney's fees. (Docket Entry No. 13). Based on the briefs, the record, and the applicable law, the motion to remand is denied,[1] and the reasons are explained in detail below.

**I.    The Legal Standard**

A defendant may remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). The burden to establish federal jurisdiction is on the party invoking jurisdiction, here the removing defendants. *Howery*, 243 F.3d at 916. The defendants removed on the basis of diversity jurisdiction, which requires complete diversity. The relevant citizenship is that of the real parties

---

[1] Specialized Loan Servicing's request for attorney's fees is denied because DHI's remand motion, while ultimately unsuccessful, advances an obviously colorable legal argument. The tone of Specialized Loan Servicing's brief is not well-taken, and indeed its arguments in favor of a fee award skirt significantly closer to frivolousness than does DHI's remand motion.

1

in interest in a case; the court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980).

## II.     Analysis

The motion to remand presents a narrow issue. One of the defendants in the case is US Bank, as trustee for the Terwin Mortgage Trust 2006-3 Asset-Backed Certificates, Series 2006-3 (referred to in the briefs, and this opinion, as the "2006-3 Trust" or the "Trust"). The issue is whether US Bank as trustee, or instead the 2006-3 Trust itself, is the real party in interest in the suit. If US Bank is the real party in interest, the court looks only to US Bank's Ohio citizenship, and there is complete diversity. If it is not, the court must look to the citizenship of all of the Trust's member certificateholders. Because there is no record evidence of the certificateholders' citizenship, the presumption against jurisdiction requires remand if the trust itself is the real party in interest.

The Supreme Court has consistently held that, when a trustee has "certain customary powers to hold, manage, and dispose of assets for the benefit of others[,]" the trustee is the real party in interest. *Navarro*, 446 U.S. at 464. The issue is therefore whether the Pooling Service Agreement that created the 2006-3 Trust vests US Bank with powers sufficiently similar to those of a traditional trustee to treat US Bank as the real party in interest.

In *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016), the Court held that a Maryland Real Estate Investment Trust took the citizenship of its members because it did not share the characteristics of a traditional trust and the trust itself was the real party in interest. Even though the entity was called a "trust" under Maryland law, it could sue or be sued in its own name rather than in the name of a trustee. Further, its members were in substantially the same

2

position as shareholders in a joint-stock company when it came to managing the Trust's activities and assets. *Americold*, 136 S. Ct. at 1016. The Court distinguished *Navarro* by emphasizing that the trustee in that case had legal title to the trust property, the power to manage trust assets, and the power to sue and be sued in its capacity as trustee, supporting the conclusion that the trustee was the real party in interest. *Id.*; *Navarro*, 446 U.S. at 465-66.

      The parties agree that, under the Pooling Service Agreement, US Bank, as trustee, had legal title to the trust assets. (Docket Entry No. 12 at 15). DHI argues that US Bank's role as trustee does not include asset management for the trust; rather, the PSA states that various servicers will manage the trust assets. (Docket Entry No. 12 at 9-10, citing Docket Entry No. 12-1 at 88, PSA § 3.06). However, as the defendants correctly point out, the PSA also makes clear that the servicers are acting on behalf of the trustee when they manage trust assets. (Docket Entry No. 13, citing PSA § 3.01); *see also Rodriguez v. Deutsche Bank Nat'l Trust Co.*, No. CV H-16-1597, 2017 WL 371141, at *3 (S.D. Tex. Jan. 26, 2017) (Miller, J.) (citing a provision very similar to § 3.01 in concluding that the PSA established a traditional trust and the trustee was the real party in interest). Moreover, the PSA makes clear that US Bank can sue and be sued in its capacity as trustee. (Docket Entry No. 12-1 at 168, PSA § 9.02(b)). US Bank, as trustee, has the powers necessary to make it the real party in interest under *Navarro*.

      DHI argues that these powers are more illusory than real, because the PSA gives certificateholders significant power over the trustee's actions. First, DHI argues that US Bank does not truly control the trust assets or litigation because the PSA allows 51% of the certificateholders to remove and replace the trustee. (Docket Entry No. 12 at 16, citing Docket Entry No. 12-1 at 169, PSA § 9.07). But, as the defendants correctly point out, several courts in this district have concluded

that this removal power does not deviate from a traditional trust agreement enough to take the case out of *Navarro* and into *Americold* territory. *Bryant v. CIT Grp./Consumer Fin.*, No. CV H-16-1840, 2017 WL 1344972, at *6 (S.D. Tex. Apr. 12, 2017) (Miller, J.); *May v. New Century Mortg. Corp.*, No. H-16-1272, Dkt. 46, at 12 (S.D. Tex. Sept. 19, 2016) (slip op.) (Lake, J.). Even more important, in *Navarro* itself, the Trust instrument allowed the shareholders to "elect and remove trustees; . . . terminate the trust or amend the Declaration [of Trust]; . . . and . . . approve any disposition of more than half of the trust estate . . . ." *Navarro*, 446 U.S. at 465 n.4. The Court held that these forms of control did not "strip the trustees of the powers that make them real parties to the controversy for purposes of diversity jurisdiction." *Id.*

DHI argues that the fact that the certificateholders can require the trustee to initiate litigation and undertake investigations weighs in favor of concluding that the certificateholders are the real parties in interest. (Docket Entry No. 12 at 16-17, citing Docket Entry No. 12-1 at 166-67, PSA §§ 9.02(a)(iii) and (a)(v)). But courts in this district have rejected this power as a basis to distinguish mortgage trusts from traditional trusts. *Rodriguez*, 2017 WL 371141 at *3; *cf. Navarro*, 446 U.S. at 465 n.4 (similar powers did not make a trust rather than the trustee the real party in interest). And the PSA limits these powers in ways inconsistent with a traditional trust. For example, if certificateholders direct the trustee to initiate a lawsuit or investigation, they must indemnify the trustee for doing so. These relatively minor "depart[ures] from conventional forms" are not dispositive. *Navarro*, 446 U.S. at 465.

The cases that DHI cites to the contrary are unpersuasive. In *Guillen v. Countrywide Home Loans, Inc.*, No. 4:15-CV-00849, 2016 WL 7103908 (S.D. Tex. Dec. 6, 2016), the PSA lacked (or the removing party did not present argument or evidence showing) several characteristics that this

4

and other courts emphasized in concluding that the trustee was the real party in interest. In *Rodriguez*, the same judge that decided *Guillen* analyzed a PSA significantly more similar to the one in issue and concluded that the trustee was the real party in interest. 2017 WL 371141, at *3. In *Pechua, Inc. v. Am.'s Wholesale Lender*, No. 3:16-CV-364, 2017 WL 1177746, at *3 (S.D. Tex. Mar. 30, 2017), the court determined, based on a materially different PSA, that the trustee did not have the power and duty to manage trust assets for members' benefit or control the litigation. That is not true here. In *Pitts v. The Bank of New York Mellon as Trustee*, No. 4:16-CV-01410 [Docket 37] (S.D. Tex. February 14, 2017), the court's ruling turned on the fact that, aside from the provision vesting title to trust property in the trustee, the defendants "direct[e]d the Court to no further statements elucidating how the Trust operates" and therefore failed to satisfy their burden of demonstrating that the trustee was the real party in interest. *Id.* at 6. In *Smith v. The Bank of New York Mellon*, No. 4:16-cv-01669 [Docket 43] (S.D. Tex. January 18, 2017), the court similarly noted that the removing defendants "merely recited the *Navarro* standard and failed to provide any evidence of" the trustee's power under the PSA. *Id.* at 2. So too in *Swoboda v. Ocwen Loan Servicing, LLC*, No. 4:13-cv-02986 [Docket 138] (S.D. Tex. Sept. 19, 2016) (noting that "the parties make no attempt to classify" the relevant entity "as a 'traditional trust'"). DHI's citation to *Juarez v. DHI Mortg. Co., Ltd*, No. CV H-15-3534, 2016 WL 3906296, at *3 (S.D. Tex. July 19, 2016), is unpersuasive. That case does not use the correct analytical approach—required under *Navarro* and *Americold*—that treats the trustee's powers as the critical issue. Instead, the court looked to the allegations in the complaint to determine whether the plaintiff was "really" alleging that the trust itself was liable. That is not the relevant inquiry.

US Bank, as trustee, is the real party in interest in this suit and is a citizen of Ohio. There is complete diversity and the case was properly removed. The motion to remand, (Docket Entry No. 12), is denied. Specialized Loan Servicing's request for attorney's fees for responding to the remand motion is denied. Although DHI's remand motion failed, it clearly was not frivolous.

SIGNED on July 21, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge